IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
**Chief Judge Philip A. Brimmer**

Civil Action No. 20-cv-03230-PAB-KMT

MORGAN HOWARTH,

    Plaintiff,

v.

TCER, LLC d/b/a THE CUTTING, EDGE REALTORS,

    Defendant.

# ORDER

This matter is before the Court on Plaintiff's Motion for Entry of Final Judgment by Default Against TCER, LLC and Incorporated Memorandum of Law [Docket No. 26].

## I. BACKGROUND[1]

Plaintiff is a commercial photographer who specializes in landscape and architectural photography. Docket No. 1 at 1, ¶ 1. Plaintiff believes that, on information and belief, TCER operates and is solely responsible for the content of a commercial website, www.cospringshomesbyshay.net. *Id.* at 1–2, ¶ 2.[2] Plaintiff took a photograph titled "5114_Brookview_Ext_Deck_3_Water_F_2" (the "photograph") on September 25, 2013 and posted it to

---

[1] Because of the Clerk of Court's entry of default, Docket No. 25, the allegations in plaintiff's complaint, Docket No. 1, are deemed admitted. *See Olcott v. Del. Flood Co.*, 327 F.3d 1115, 1125 (10th Cir. 2003). The Court previously dismissed defendant Shay Dominguez. *See* Docket No. 30.

[2] Plaintiff also alleges that TCER owns and operates www.thecuttingedgerealtors.com, *see id.*; however, plaintiff provides no allegations that the photograph at issue in this lawsuit was published on that website.

http://www.morganhowarth.photoshelter.com/image/I00009D2iA86wplo on October 17, 2013. *Id.* at 2, ¶¶ 8–9. On August 18, 2014, plaintiff registered the photograph with the United States Copyright Office, which provided plaintiff Copyright Registration Number VA-1-958-896. *Id.* at 3, ¶ 10.

On or about January 1, 2018, TCER copied and posted the photograph to the website www.cospringshomesbyshay.net/image/120775913.jpg without license or permission. *Id.*, ¶¶ 12–13.[3] Plaintiff believes that TCER's actions constitute infringement of plaintiff's copyright and exclusive rights and that TCER's actions were willful and intentional. *Id.* at 3–4, ¶¶ 16–18. Plaintiff seeks either actual or statutory damages, including any profits realized by TCER attributable to its use of plaintiff's photograph, pursuant to 17 U.S.C. §§ 504, 1203(c), and attorney's fees and costs pursuant to § 1203(b)(5). *Id.*, ¶¶ 19, 21.

## II. LEGAL STANDARD

In order to obtain a judgment by default, a party must follow the two-step process described in Fed. R. Civ. P. 55. First, the party must seek an entry of default from the Clerk of the Court under Rule 55(a). Second, after default has been entered by the Clerk, the party must seek judgment under the strictures of Rule 55(b). *See Williams v. Smithson*, 57 F.3d 1081, 1995 WL 365988, at *1 (10th Cir. June 20, 1995) (unpublished table decision) (citing *Meehan v. Snow*, 652 F.2d 274, 276 (2d Cir. 1981)).

The decision to enter default judgment is "committed to the district court's sound

---

[3] The URL that plaintiff alleges shows the photograph is not an accessible webpage any longer. Additionally, plaintiff alleges that TCER posted displayed the photograph without license or permission from "Harrington." *Id.*, ¶ 13. It is not clear to whom plaintiff is referring.

2

discretion." *Olcott*, 327 F.3d at 1124 (citation omitted).  In exercising that discretion, the Court considers that "[s]trong policies favor resolution of disputes on their merits." *Ruplinger v. Rains*, 946 F.2d 731, 732 (10th Cir. 1991) (quotation and citations omitted).  "The default judgment must normally be viewed as available only when the adversary process has been halted because of an essentially unresponsive party." *Id.* It serves to protect plaintiffs against "interminable delay and continued uncertainty as to his rights." *Id.* at 733.  When "ruling on a motion for default judgment, the court may rely on detailed affidavits or documentary evidence to determine the appropriate sum for the default judgment." *Seme v. E&H Prof'l Sec. Co., Inc.*, No. 08-cv-01569-RPM-KMT, 2010 WL 1553786, at *11 (D. Colo. Mar. 19, 2010).

A party may not simply sit out the litigation without consequence.  *See Cessna Fin. Corp. v. Bielenberg Masonry Contracting, Inc.*, 715 F.2d 1442, 1444-45 (10th Cir. 1983) ("[A] workable system of justice requires that litigants not be free to appear at their pleasure.  We therefore must hold parties and their attorneys to a reasonably high standard of diligence in observing the courts' rules of procedure.  The threat of judgment by default serves as an incentive to meet this standard").  One such consequence is that, upon the entry of default against a defendant, the well-pleaded allegations in the complaint are deemed admitted.  *See* Charles Wright, Arthur Miller & Mary Kane, *Fed. Prac. & Proc.* § 2688 (3d ed. 2010).  "Even after default, however, it remains for the court to consider whether the unchallenged facts constitute a legitimate cause of action, since a party in default does not admit mere conclusions of law." *Id.* at 63.  A court need not accept conclusory allegations.  *Moffett v. Halliburton Energy*

*Servs., Inc.* 291 F.3d 1227, 1232 (10th Cir. 2002). Although "[s]pecific facts are not necessary" in order to state a claim, *Erickson v. Pardus*, 551 U.S. 89, 93 (2007) (per curiam) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007)), the well-pleaded facts must "permit the court to infer more than the mere possibility of misconduct." *Ashcroft v. Iqbal*, 556 U.S. 662, 679 (2009) (internal quotation and alteration marks omitted). Thus, even though modern rules of pleading are somewhat forgiving, "a complaint still must contain either direct or inferential allegations respecting all the material elements necessary to sustain a recovery under some viable legal theory." *Bryson v. Gonzales*, 534 F.3d 1282, 1286 (10th Cir. 2008) (quotation and citation omitted).

## III. ANALYSIS

Before addressing the merits of plaintiff's motion for default judgment, the Court must determine whether it has jurisdiction over this case. *See Dennis Garberg & Assocs., Inc. v. Pack-Tech Int'l Corp.*, 115 F.3d 767, 772 (10th Cir. 1997) (holding that "a district court must determine whether it has jurisdiction over the defendant before entering judgment by default against a party who has not appeared in the case"). The Court has subject matter jurisdiction pursuant to 28 U.S.C. § 1331 because this is an action brought under a federal statute, the Copyright Act. *See* 17 U.S.C. §§ 106, 501. The Court must also consider whether it has personal jurisdiction over TCER.

The plaintiff bears the burden of establishing personal jurisdiction. *Rambo v. Am. S. Ins. Co.*, 839 F.2d 1415, 1417 (10th Cir. 1988). The plaintiff can satisfy its burden by making a *prima facie* showing. *Dudnikov v. Chalk & Vermilion Fine Arts, Inc.*,

...

514 F.3d 1063, 1070 (10th Cir. 2008).  The Court will accept the well-pled allegations of the complaint as true in determining whether plaintiff has made a *prima facie* showing that personal jurisdiction exists.  *AST Sports Sci., Inc. v. CLF Distrib. Ltd.*, 514 F.3d 1054, 1057 (10th Cir. 2008).  If the presence or absence of personal jurisdiction can be established by reference to the complaint, the Court need not look further.  *Id.*  The plaintiff, however, may also make this *prima facie* showing by putting forth evidence that, if proven to be true, would support jurisdiction over the defendant.  *Dudnikov*, 514 F.3d at 1070.

"In determining whether a federal court has personal jurisdiction over a defendant, the court must determine (1) whether the applicable statute potentially confers jurisdiction by authorizing service of process on the defendant and (2) whether the exercise of jurisdiction comports with due process."  *Trujillo v. Williams*, 465 F.3d 1210, 1217 (10th Cir. 2006) (quoting *Peay v. BellSouth Med. Assistance Plan*, 205 F.3d 1206, 1209 (10th Cir. 2000)).  The Colorado long-arm statute, Colo. Rev. Stat. § 13-1-124, has been construed to extend jurisdiction to the full extent permitted by the Constitution, so the jurisdictional analysis here reduces to a single inquiry of whether jurisdiction offends due process.  *See Dudnikov*, 514 F.3d at 1070; *Archangel Diamond Corp. v. Lukoil*, 123 P.3d 1187, 1193 (Colo. 2008).  Personal jurisdiction comports with due process where a defendant has minimum contacts with the forum state and where those contacts are such that assuming jurisdiction does not offend "traditional notions of fair play and substantial justice."  *Int'l Shoe Co. v. Washington*, 326 U.S. 310, 316 (1945).  Minimum contacts may be established under the doctrines of general

jurisdiction or specific jurisdiction. Whether the Court has personal jurisdiction over TCER also depends on whether service of process was adequate. *Holcim (US), Inc. v. Limerock Materials, LLC*, No. 11-cv-00686-REB-CBS, 2012 WL 4442757, at *4 (D. Colo. Sept. 26, 2012).

### A. General Personal Jurisdiction

Plaintiff alleges that TCER is a "Limited Liability Company existing under the laws of the State of Colorado, with headquarters in Colorado Springs, Colorado." Docket No. 1 at 1–2, ¶ 2. For corporations, "the place of incorporation and principal place of business are 'paradig[m] . . . bases for general jurisdiction.'" *Daimler AG v. Bauman*, 571 U.S. 117, 137 (2014) (quoting *Goodyear*, 564 U.S. at 924). "Courts have held that *Daimler* applies with equal force to limited liability companies." *Bliss v. Change Healthcare Operations LLC*, 2021 WL 706770, at *1 (W.D. Okla. Feb. 23, 2021) (collecting cases). The Court finds that plaintiff's allegations that TCER is a Colorado LLC and that its headquarters here are sufficient to establish that the Court has general personal jurisdiction over TCER. *See Daimler*, 571 U.S. at 137; *Bliss*, 2021 WL 706770, at *1; *Ally Fin., Inc. v. Allypayments, LLC*, No. 20-cv-02517-PAB, 2021 WL 4426950, at *3 (D. Colo. Sept. 27, 2021).

### B. Specific Personal Jurisdiction

"Specific jurisdiction . . . is premised on something of a *quid pro quo*: in exchange for 'benefitting' from some purposive conduct directed at the forum state, a party is deemed to consent to the exercise of jurisdiction for claims related to those contacts." *Dudnikov*, 514 F.3d at 1078. Courts typically make three inquiries to

determine if a state's exercise of sovereignty over a defendant can be described as fair and just for specific jurisdiction: "(1) whether the defendant purposefully directed its activities at residents of the forum state; (2) whether the plaintiff's injury arose from those purposefully directed activities; and (3) whether exercising jurisdiction would offend traditional notions of fair play and substantial justice." *Newsome v. Gallacher*, 722 F.3d 1257, 1264 (10th Cir. 2013). "[W]here, as here, the [motion for default judgment] is determined on the basis of the pleadings and affidavits, that burden may be met by a *prima facie* showing." *Sharpshooter Spectrum Venture, LLC v. Consentino*, No. 09-cv-0150-WDM-KLM, 2011 WL 3159094, at *2 (D. Colo. July 26, 2011) (citing *Shrader v. Biddinger*, 633 F.3d 1235, 1239 (10th Cir. 2011)). Because TCER is a Colorado company with headquarters in Colorado, *see* Docket No. 1 at 1–2, ¶ 2; *see also* Docket No. 26 at 3–4, and owns and operates the website that published plaintiff's photograph in Colorado, the Court has personal jurisdiction over TCER. *See Shibata v. Accredited Mgmt. Sols., LLC*, No. 20-cv-01156-PAB-KLM, 2021 WL 4291018, at *2 (D. Colo. Sept. 21, 2021) (finding personal jurisdiction where defendant does business in Colorado and attempted to collect a debt from a Colorado resident).

### C.  Service of Process

Personal jurisdiction also requires adequate service of process. *See Holcim*, 2012 WL 4442757, at *4. Federal Rule of Civil Procedure 4 provides the rules for service of process. A defendant may be served by the means specified in the rule or by means provided in "the district court is located or where service is made." Fed. R. Civ. P. 4(h)(1)(a); Fed. R. Civ. P. 4(e)(1). Rule 4(h) governs the service of corporations.

Rule 4(h)(1)(B) provides that a plaintiff may serve process on a corporation "by delivering a copy of the summons and of the complaint to an officer, a managing or general agent, or any other agent authorized by appointment or by law to receive service of process." In the alternative, a corporation may be served "in the manner prescribed by Rule 4(e)(1) for serving an individual." Fed. R. Civ. P. 4(h)(1)(A). Rule 4(e)(1) allows for service by "following state law for serving a summons in an action brought in courts of general jurisdiction in the state where the district court is located or where service is made." "The purpose of Rule 4(h) is to ensure that when a litigant serves process on a corporation, the process is delivered to a person of sufficient rank and control in the corporation such that the court can be reasonably assured that those corporate officials responsible for responding to the suit will actually be apprised of its pendency." *Inversora Murten SA v. Energoprojekt Holding Co.*, No. 06-cv-02312-MSK, 2009 WL 179463, at *4 (D. Colo. Jan. 22, 2009) (citations omitted).

> Colorado provides for service on a corporation through
>
> the registered agent for service as set forth in the most recently filed documents in the records of the secretary of state of [Colorado] or any other jurisdiction, or that agent's secretary or assistant, or one of the following:
>
> > (A) An officer of any form of entity having officers, or that officer's secretary or assistant;
> >
> > (B) A general partner of any form of partnership, or that general partner's secretary or assistant;
> >
> > (C) A manager of a limited liability company or limited partnership association in which management is vested in managers rather than members, or that manager's secretary or assistant;
> >
> > (D) A member of a limited liability company or limited partnership association in which management is vested in the members or in

> which management is vested in managers and there are no managers, or that member's secretary or assistant;
>
> (E) A trustee of a trust, or that trustee's secretary or assistant;
>
> (F) The functional equivalent of any person described in paragraphs (A) through (E) of this subsection (4), regardless of such person's title.

Colo. R. Civ. P. 4(e)(4).

The Colorado Supreme Court has held that a registered agent may be served in the same manner as a "natural person," namely, "at the person's usual workplace, with the person's secretary, administrative assistant, bookkeeper, or managing agent." *Goodman Assocs., LLC v. WP Mountain Props., LLC*, 222 P.3d 310, 316 (Colo. 2010) (quoting Colo. R. Civ. P. 4(e)(1)); *see also Rain Design, Inc v. Spinido, Inc.*, No. 19-cv-00349-RM-KMT, 2020 WL 4339376, at *2 (D. Colo. July 28, 2020); *Barak v. Rooster's Guide & Outfitting Adventures*, No. 19-cv-03556-RM-GPG, 2020 WL 9424264, at *3 (D. Colo. Apr. 28, 2020). *Goodman* acknowledged that its rule is "at variance with the rule established by the federal courts," but stated that the rule had been revised to "reflect[ ] the need to expand and modernize the methods of service." *Goodman*, 222 P.3d at 316–17. Moreover, the revisions "make it clear that alternate service at the workplace is limited to service on 'the persons secretary, etc.' not on a secretary or manager at the person's workplace." *Id.* at 317 (quoting Richard P. Holme, *2006 Amendments to the Civil Rules: Modernization, New Math, and Polishing*, 35 Colo. Law. 21 (May 2006)).

Courts applying *Goodman* have explained that, the fact that Colo. R. Civ. P. 4(e)(1) includes a defined list of employees that may accept service on a behalf of the

registered agent, including the person's secretary or assistant, means that not all persons at a company may "represent that they were appointed to accept service on that person's behalf." *Shields v. Duncan*, No. 14-cv-02231-RM-MEH, 2015 WL 3947221, at *3 (D. Colo. June 26, 2015). Moreover, *Goodman* expressly intended to exclude "service on a supervisor or manager of the business" from the list of acceptable people who could accept service on behalf of the company's representative. 222 P.3d at 317 (citations omitted). This is because "[s]ervice on a supervisor or manager of the business offers no assurance that the defendant will ever receive actual notice." *Id.* (citations omitted).

The proof of service filed with the summons states that the summons was left with Kim Jones, who is identified as an "admin asst." *See* Docket No. 8 at 2. Although the process server checked the box indicating that Jones is "designated by law to accept service on behalf of [TCER]," *see id.*, plaintiff's motion fails to identify Jones as being the administrative assistant of TCER's registered agent or the administrative assistant of any other individual listed in Colo. R. Civ. P. 4(e)(4). Therefore, the Court finds that plaintiff has not shown that Jones was authorized to accept service on behalf of TCER, rather than an administrative assistant at TCER's office. *Shields*, 2015 WL 3947221, at *3 (explaining that *Goodman* holds "that managers of the business are not in an appropriate position to accept service on behalf of a company's registered agent"). The Court therefore finds that service on TCER via Jones was insufficient. Fed. R. Civ. P. 4(h)(1); Colo. R. Civ. P. 4(e)(4).

Because service on TCER is "insufficient but curable," plaintiff will be allowed an

opportunity to properly serve TCER with process.  *Id.*; *see also AMG Nat'l Corp. v. Wright*, No. 20-cv-02857-PAB-KLM, 2021 WL 4170459, at *4 (D. Colo. Sept. 14, 2021) (denying motion for entry of default based on improper service and providing 30 days for plaintiff to attempt proper service).

## IV.  CONCLUSION

For the foregoing reasons, it is

**ORDERED** that Plaintiff's Motion for Entry of Final Judgment by Default Against TCER, LLC and Incorporated Memorandum of Law [Docket No. 26] is **DENIED without prejudice**.  It is further

**ORDERED** that the Clerk's entry of default, Docket No. 25, is set aside.  It is further

**ORDERED** that plaintiff shall have 30 days from the date of this order to effectuate proper service under Fed. R. Civ. P. 4.

DATED October 13, 2021.

BY THE COURT:

PHILIP A. BRIMMER
Chief United States District Judge